**SPISAK v. SOLON (Village) et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18300. Decided June 9, 1941

160

Fred W. Garmone, Cleveland, and H. P. Fetterman, Cleveland, for plaintiff-appellant.

Stanley L. Orr, Cleveland, for defendants-appellees.

DOYLE, J. and STEVENS, J. (9th Dist.), and GUERNSEY, J. (3rd Dist.), sitting by designation.

## OPINION

By GUERNSEY, PJ.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Cuyahoga County, Ohio, in a case pending therein wherein the appellant Mary Bosco Spisak, was plaintiff, and the appellees, Village of Solon, Ohio, Edwin Carter, Mayor, and John Vondrasik, Chief of Police, were defendants.

Plaintiff was engaged in the restaurant and liquor business in the Village of Solon, the retail liquor business being conducted under so-called D-1, D-2 and D-3 liquor permits issued by the Department of Liquor Control of the State of Ohio, for which permit the plaintiff paid the State of Ohio, fees in the sum of six hundred dollars.

Subsequent to the issuance to her of said permits, she caused to be constructed especially for said business a building in another location in said village, and obtained permission from the Department of Liquor Control for the transfer of said retail liquor business under said permits to the new location in said village, and permits for the new location were issued to her by said Department.

Between the time the said original permits were issued to plaintiff and the time of transfer of location, the council of the Village of Solon enacted an ordinance entitled "An Ordinance Regulating the Manufacture, Sale and Possession of Beer and Intoxicating Liquors * * *".

This ordinance is divided into two

parts, Sections 2 to 10 being the portions of the ordinance prescribing the terms and conditions upon which licenses for the sale of intoxicating liquors might be issued, and Sections 11 to 25 entitled "Restrictions on Sales of Beer and Intoxicating Liquors", being the regulatory portions of the ordinance.

Under the licensing portion of the ordinance the Mayor is given powers to issue permits for the sale of intoxicating liquors in said Village similar to those granted by statute to the Department of Liquor Control.

Under the requirements of said ordinance the plaintiff made application to the Mayor of said Village for permission to engage in the retail liquor business, and said permission was denied. Subsequently the plaintiff commenced the operation of said retail liquor business but the Village of Solon, through its Mayor and Chief of Police, compelled her to discontinue the same. Plaintiff sought an injunction in the court below restraining the defendants, the Village of Solon, Edwin Carter, Mayor of the Village of Solon, and John Vondrasik, Chief of Police of the Village of Solon, from interferring with her in the operation of such retail liquor business.

The sole question involved in this case is whether the licensing provisions appearing in Sections 2 to 10 of said ordinance constitute a valid exercise of the police power of the municipality.

Whatever power the municipality had to enact said provisions of said ordinance, is conferred by §3 of Art. **XVIII of the Constitution of Ohio**, which reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The general laws relating to the subject matter of the ordinance are incorporated in the Liquor Control Act, now designated as §§6064-1 to 6212-65 both inclusive, **GC.**

The provisions of the section mentioned prescribe a comprehensive plan and system whereby a Department of Liquor Control is created consisting of a board of liquor control of four members not more than two of whom shall be of the same political party, and a director of liquor control, with power to establish and conduct liquor stores and to issue permits for the manufacture, distribution, transportation and sale of beer and intoxicating liquor, and the sale of alcohol subject to the provisions of said Liquor Control Act, and to adopt and promulgate, repeal, rescind, and amend, rules and regulations and orders, providing in detail for the conduct of any retail business authorized under permit pursuant to the Liquor Control Act, with a view to insuring compliance with the provisions of the Act and other laws relative thereto, and the maintenance of public decency, sobriety and good order in any place licensed under such permit.

Sec. 6062-20, one of the sections included in said Act, provides:

"Each class and kind of permit issued under authority of the liquor control act shall authorize the person therein named to carry on the business therein specified at the place or in the boat, vessel or classes of dining car equipment therein described, for a period of one year commencing on the day after the date of its issuance and no longer, subject to suspension, revocation or cancellation as authorized or required by this act; * * *"

Sec. 6064-31, one of the sections of said act, provides:

"The privilege of local option as to the sale of intoxicating liquors is hereby conferred upon the electors of the following districts, to-wit:

1. A municipal corporation.

2. A residence district in a municipal corporation consisting of two or more contiguous election precincts therein, as defined by the petition hereinafter authorized.

162

3. A township, exclusive of any municipal corporation or part thereof therein located."

Under the comprehensive plan and system prescribed by the Liquor Control Act, and the specific statutory provisions hereinbefore mentioned, it clearly appears that it was the intention of the legislature that a permit issued by the Department of Liquor Control pursuant to the provisions of said Act should authorize the person therein named to carry on the business therein specified, at the place therein specified, for the period of one year commencing on the day after the date of its issuance, subject to the provisions of said Act and the exclusive control of the Department of Liquor Control exercised pursuant thereto, except insofar as such permit and the authority of the Department of Liquor Control over the same and the issuance of further permits within the district may be nullified through the exercise by the electorate of such district, of the local option privilege conferred upon them by said Act.

While municipalities, under the constitutional provisions mentioned, have power to enact regulations not in conflict with the provisions of said Act, as to the manner in which retail liquor businesses may be conducted therein, they do not have power to enact regulations operating as a veto on the actions taken by the Department of Liquor Control in the issuance of permits pursuant to said Act, or the power to superimpose additional requirements upon the statutory requirements as to the issuance of permits to engage in the retail liquor business in such municipality, or the power to require a permit from the municipality in addition to the permits required by said Act for such purpose.

The licensing provisions contained in §§2 to 10, inclusive, of the ordinance are therefore in conflict with the general laws, and being in conflict, do not constitute an exercise of power by a municipality, conferred by §3 of Art. **XVIII of the Constitution,** and are void.

For the reasons mentioned, an order of injunction will issue herein as prayed for in the petition.

DOYLE and STEVENS, JJ., concur.